November 11, 2020

**SENT VIA ECF and E-MAIL**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

        **Re: Joint Status Letter for *Jeremy Roenick v. Sam Flood, et al.*, No. 20 Civ. 7213**

Your Honor:

        The parties submit this joint letter pursuant to the Court's Order at Docket No. 14, as modified at the proceedings held on October 30, 2020. This letter accompanies the parties' proposed Case Management Plan ("Plan").

**Case Management Plan**

        In accordance with the Court's guidance during the recent pre-motion conference, the parties' Plan includes a 30-day delay prior to the start of discovery to allow for the briefing and consideration of the pending motion to dismiss. Specifically, the parties respectfully propose a 45-day deadline for initial disclosures, which will allow them time to complete the briefing of the motion prior to commencing discovery. Although the start of discovery is delayed in this manner, all the time frames for each phase of discovery and pre-trial preparation have not been expanded beyond what is suggested in the Court's template. Further, per the Court's instruction, under the Plan, discovery will proceed starting in 45 days regardless of whether the motion is decided by that point or not.

**Brief Description of the Case**

*Plaintiff's Factual Allegations and Legal Bases of Claims*

        Jeremy Roenick worked as a sports announcer and commentator under contract with NBC Sports Group, a division of NBCUniversal Media, LLC ("NBCU") starting in July 2016 with an initial contract term ending on June 30, 2020. On or about December 17, 2019, Plaintiff appeared on a podcast unaffiliated with NBC where he told a colorful story about a vacation he took in the company of his spouse and in the company of a coworker at NBC named Kathryn Tappen ("Tappen").

        On the podcast, Roenick stated in substance that while on that vacation, he joked with fellow vacationers that he would "go to bed" with his wife and Tappen, but also clarified that in reality "it is never going to happen." During the podcast, Roenick said of Tappen that she is one of "the most professional sports personalities that I know," that she is "as prepared as anyone," and that there is "nobody that wants it more" (to be successful in sportscasting). Roenick also said that "she is true blue one of my favorite people in the world, and I'm lucky that I'm next to her, and she's a good friend of mine."

        On December 24, 2019, NBC announced that it was suspending Roenick without pay due to his comments on the podcast. Roenick was not notified of the decision ahead of time. Although Roenick subsequently issued a video apology for the comments, he was summarily terminated by Defendants on February 6, 2020.

Roenick alleges that the termination breached his contract with Defendants, which provided that he "shall" be given written notice and a reasonable opportunity to cure a material breach of the employment agreement and that he "shall be given a reasonable opportunity to cure" an act that "degrades" him or "brings [him] into public disrepute, contempt, scandal or ridicule." Plaintiff alleges that Defendants breached these express provisions of the contract in their decision to unilaterally terminate his employment.

Roenick further alleges that the decision to unilaterally terminate his employment was impermissibly made on the basis of his sex and/or sexual orientation in violation of the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL"). Plaintiff is a heterosexual male and alleges that similarly situated commentators employed by Defendants who are not heterosexual males were not terminated or suspended for comments that were similarly colorful in nature. In related claims, Plaintiff further alleges that he was subjected to a hostile work environment on the basis of his sex and/or sexual orientation in connection with his podcast comments, and that Defendants retaliated against Plaintiff for opposing discrimination based on his sex and/or sexual orientation. Plaintiff has also brought related claims under the NYSHRL and NYCHRL against Defendant Flood for aiding and abetting the above-described discrimination.

Finally, Plaintiff has brought a claim under the New York Labor Law alleging that the decision to suspend Plaintiff and/or terminate his employment was also based on Plaintiff's political activities. Specifically, Plaintiff has alleged that he was previously criticized by Defendant Flood for his political support for President Donald Trump and on information and belief Plaintiff's vocal support for President Trump and desire to participate in political activities outside of his work at NBC on behalf of President Trump was a but-for cause of Defendants' adverse employment actions.

*Defendants' Factual Allegations and Bases for Defenses*

Defendants deny all allegations and assert that Defendant NBCU terminated Roenick's contract purely because of his own improper conduct on the podcast, which violated the contract's morals clause. Notably, the contract's cure provision provides that Roenick "shall be given a reasonable opportunity to cure" his conduct only if curing "to the satisfaction of NBC" is "timely and possible." Here, Roenick's misconduct, which involved making sexual and insensitive comments about Tappen and two other coworkers, was incurable. NBCU (and Flood, as its employee) were therefore entitled to terminate Roenick's employment in accordance with the contract. Roenick's allegations that he was discharged for any other reason—discriminatory, retaliatory, or otherwise—are completely baseless, and thus are the subject of Defendants' forthcoming motion to dismiss.

Further, the remaining defendants, NBC Sports Network, LP and Comcast Corporation,[1] are improper parties to this action. They were neither Roenick's nor Flood's employer, they were not signatories to Roenick's employment agreement, and they were not in any way involved in Roenick's employment or the decision to terminate his contract. Accordingly, these entities will move for complete dismissal of all claims against them.

---

[1] Roenick also names NBC Sports Group as a defendant in this action. As noted in the Complaint, however, NBC Sports Group is a division of NBCUniversal Media, LLC and not a separate legal entity. Accordingly, it has not been (and cannot be) served.

**Contemplated Motions**

As the Court is aware, Defendants are moving to dismiss all but three of Plaintiff's causes of actions pursuant to FRCP 12(b)(6). Additionally, Defendants anticipate bringing a motion for summary judgment pursuant to FRCP 56 at a later date.

**Basis for Subject Matter Jurisdiction**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the amount in controversy exceeds $75,000. Plaintiff Roenick is a citizen of Arizona, Defendant Flood is a citizen of New Jersey, and the entity Defendants are citizens of Delaware and Pennsylvania.

**Prospect for Settlement**

The parties had limited preliminary settlement communications prior to the litigation that were unsuccessful. Counsel for the parties have met and conferred regarding the possibility of settlement and have agreed that further settlement discussions are unlikely to be fruitful prior to the resolution of Defendants' motion to dismiss and, depending on the outcome of that motion, the depositions of the parties.

Respectfully Submitted,

Shegerian & Associates

*/s/ Jon Choate*

Jon Choate
Attorneys for Plaintiff