**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JEREMY ROENICK,<br><br>                                        Plaintiff,<br><br>-against-<br><br>SAM FLOOD, NBC SPORTS GROUP, NBC SPORTS NETWORK, L.P., NBCUNIVERSAL MEDIA, LLC, COMCAST CORPORATION and JOHN DOES 1-10,<br><br>                                        Defendants. | No. 20 Civ. 7213 (JPC)(GWG)<br><br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER** |

        **WHEREAS**, Plaintiff Jeremy Roenick ("Plaintiff") and Defendants Sam Flood ("Flood")

and NBCUniversal Media LLC (with Flood and the other named defendants, "Defendants") (each

a "Party" and, collectively, the "Parties") are engaged in discovery in the above-captioned action

(the "Action"); and

        **WHEREAS**, certain documents and information have been and may be sought, produced,

exhibited or disclosed by and between the Parties during the course of the Action that relate to the

Parties' or non-parties' financial information, competitive information, personnel information,

medical information, or other kinds of sensitive or proprietary information which the Party making

the production deems confidential ("Confidential Information"); and

        **WHEREAS**, the Parties, through their respective counsel, wish to enter a stipulation

preserving the confidentiality of certain documents and information and respectfully request that

the Court So Order this stipulation;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

        1.        For the purposes of this Stipulation and [Proposed] Order Regarding

Confidentiality of Documents and Information (the "Protective Order"), "Confidential

Information" shall refer to any type or classification of information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the Party producing it, based on the designating Party's good faith belief that it is confidential, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition or information contained in, or communicated through, any other medium or means.

2.      A Party may designate as "Confidential" any document or information which the designating Party has a legitimate interest in maintaining as confidential, is not publicly available, discloses financial information, competitive information, personnel information, medical information, or other kinds of sensitive or proprietary information about a Party or non-party.

3.      A Party may designate as "Confidential – Attorneys' Eyes Only" any document or information containing sensitive personal or business information for which additional protection is warranted.  Such information shall include personal information concerning Plaintiff's co – workers, medical records, and any other information that counsel in good faith believes cannot be shared with Plaintiff or with Flood.  Documents designated "Confidential – For Attorneys Eyes Only" shall be considered a subclass of "Confidential Information," that, in addition to all of the restrictions set forth herein, may not be shared with Plaintiff or Flood, and may be disclosed only to counsel and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action and any appeals.  "Confidential - Attorneys Eyes Only" information may also be furnished to individuals providing technical or expert services with respect to the subject matter for the trial of this action and with mediators retained by the Parties or assigned by the Court to help resolve this action.

4.      Confidential Information produced in connection with this action may be used and retained for purposes of this action only.

5.      Access to and/or disclosure of all or any part of the Confidential Information shall be permitted only to the following persons (the "Designated Persons"):

(a)      The Parties.

(b)     Third parties who are deposed by any Party in this action.

(c)     Counsel for the Parties, including in-house counsel and their paralegals and/or assistants, who are charged with responsibility for and are actively engaged in the preparation of this matter for trial and in the actual trial on this matter or any appeal therein ("Counsel"), and to Counsel's employees and independent contractors, such as paralegals, secretaries and clerical employees, who are actually involved in the preparation and/or trial of this action or any appeal therein.

(d)     Employees and independent contractors of the Parties (other than Counsel's paralegals and assistants) hired or retained solely for the purpose of prosecuting or defending this action.

(e)     Experts and consultants retained by the Parties to assist in the preparation and trial of this action.

(f)     Court reporters at deposition and trial or in connection with any motion or hearing in this action.

(g)     The Judge in this action and all Court personnel.

(h)     Mediators retained by the Parties and/or assigned by the Court.

6.      All those Designated Persons identified in paragraphs 5(b), 5(e), and 5(f) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made shall, prior to such access or disclosure, be required to read this Protective Order and agree in writing to comply with its terms.  If any such person fails or refuses to agree in writing to comply with the terms of this Protective Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time. The Parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

7.      Confidential Information may be used solely in connection with this action, including, but not limited to, for the purposes of motions, hearings, briefs, preparation for trial,

and trial.  Except as specifically provided herein, each Designated Person will hold in confidence and not disclose to anyone else, or use in any fashion, any Confidential Information, or any excerpt, summary, abstract or index thereof.

8.      This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential Information.

9.      If Confidential Information is disclosed at a deposition, whether by testimony or as exhibits, only those persons may be present who are authorized by the terms of this Protective Order to have access to such material.  Either Party may designate portions of the transcript as confidential by notifying the other Party on the record at the time of the testimony, or in writing within fourteen days of receipt of the transcript of the pages and lines that contain Confidential Information.  All Parties shall treat deposition transcripts as Confidential Information in their entirety during the fourteen-day designation period.

10.      No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

11.      By agreeing to the procedures set forth in this Stipulation, none of the Parties agrees to produce any documents or waives or prejudices any objection he, she or it may have to the production of any documents.  Nothing contained herein shall prejudice the right of a Party to object to the production of any documents.  In addition, the fact that a Party has entered into this Protective Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges).  This Protective Order does not prejudice the right of any Party to apply to the Court for an Order compelling production of documents or to apply to the Court for:

   (a)  a further Protective Order relating to any discovery in this action; or,

   (b)  an Order declaring that a document or information designated as "Confidential" is not confidential and should not be subject to this

Protective Order; and likewise does not prejudice the right of any Party to object to any such application or motion.

12.     If any information designated as "Confidential" or "Confidential – Attorneys Eyes Only" is inadvertently produced without being marked in accordance with this Protective Order, the failure to so mark the document or other material shall not be deemed a waiver.  Until the document or other material is designated as Confidential by the Party producing it, the Party discovering the document or material shall be entitled to treat it as non-confidential.  When the document or material is designated as Confidential, however, counsel to the Party discovering it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential or returned to the Party producing the document or material for "Confidential" designation pursuant to paragraph 1 of this Protective Order.  This does not waive the receiving Party's right to challenge the producing Party's confidential designation.

13.     Confidential Information (including confidential portions of documents or transcripts) or any document that discloses the substance or content of Confidential Information, used in connection with any motion, other written submission, hearing or trial in this action, shall be filed under seal, or shall be submitted to the Court in such other manner as the Court may order, to protect the confidentiality of such information.

14.     All Confidential Information produced during discovery, and all copies, digests, or summaries, except for attorney work product,  made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing Parties within sixty (60) days after final determination of this action; or (2) destroyed by the Party possessing such Confidential Information within sixty (60) days after final determination of this action.  In the event a Party chooses the latter option, the Party shall provide the other Parties with a certificate attesting to such destruction within ten (10) days after such destruction occurs.

15.     If any Party is served with a subpoena or Court Order requiring the disclosure of any Confidential Information, that Party shall notify all other Parties to this action in writing c/o

each Party's respective counsel of record via email and overnight mail within three business days of being served with such subpoena or Court Order.

Dated:  New York, New York
        March 22, 2021

**SHEGARIAN & ASSOCIATES**             **PROSKAUER ROSE LLP**

 _/s/ *Jon Choate*_____           _/s/ *Lawrence R. Sandak*_____
Jon Choate                                Lawrence R. Sandak
Scott William Clark                       Melissa A. Overbeck
90 Broad Street, Suite 804                Eleven Times Square
New York, NY 10004                        New York, NY 11036
T: 212.257.8883                           T: 212.969.3000
F: 212.804.7299                           F: 212.969.2900
jchoate@shegerianlaw.com                  lsandak@proskauer.com
sclark@shegerianlaw.com                   moverbeck@proskauer.com
*Attorneys for Plaintiff*                 *Attorneys for Defendants*


**SO ORDERED:**

Dated: _____, 2021         _____

                                     The Honorable John P. Cronan
                                     United States District Judge